IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASURION, LLC,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | NO. 3:18-cv-01306 |
| v.   ) | |
| ) | JUDGE CAMPBELL |
| SQUARETRADE, INC.,   ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant.   ) | |

## MEMORANDUM

Pending before the Court is Defendant SquareTrade, Inc.'s Motion to Dismiss Complaint of Plaintiff Asurion LLC (Doc. No. 30). Asurion filed a memorandum in opposition to the motion (Doc. No. 38) and SquareTrade filed a reply (Doc. No. 45). Defendant SquareTrade also filed a Request for Judicial Notice of three printouts of online promotional materials from other companies (Doc. No. 32). For the following reasons, the request to take judicial notice of matters outside the pleadings is DENIED, and the motion to dismiss is DENIED.

### I.   BACKGROUND

Asurion and SquareTrade are direct competitors in the provision of extended warranties for mobile phones. Asurion offers what it calls "mobile phone insurance," which covers damage and failures, and also provides coverage for theft and loss. (*Id.* ¶ 19.) Asurion's mobile phone insurance is available for purchase from wireless carriers such as AT&T, Sprint, and Verizon. (*Id.* ¶ 4.) Typically, the wireless carriers bundle Asurion's mobile phone insurance with an extended warranty and technical support and sell the combined "Carrier Protection Plan" to customers at a single price. (*Id.*) SquareTrade sells an extended warranty it refers to as a "Protection Plan." The

Protection Plan provides protection against defects and accidental damages for a variety of consumer products, including cell phones, but does not cover products for theft or loss. (*Id.* ¶¶ 5, 15, 20; Def. Br., Doc. No. 31 at 2.)

The distinguishing feature between Asurion's mobile phone insurance and SquareTrade's Protection Plan, appears to be that Asurion's mobile phone insurance provides coverage for theft and loss and SquareTrade's does not. (*Id.* ¶¶ 3-5.) As compared with the bundled Carrier Protection Plan, SquareTrade's Protection Plan provides less coverage because it does not cover theft or loss and does not include the technical support that comes with the Carrier Protection Plans. (*Id.* ¶¶ 19.)

Asurion's allegations concern the following SquareTrade advertisements:

Mailed Advertisement



Online Advertisement

## Switch to SquareTrade, an Allstate company.

Award-winning customer service. Fast repairs. Plus, we can save you hundreds.

| | squaretrade | Sprint | T-Mobile | Verizon | AT&T |
|---|---|---|---|---|---|
| MAXIMUM MONTHLY PREMIUM | $8.99 MONTHLY | $17 MONTHLY | $15 MONTHLY | $13 MONTHLY | $11.99 MONTHLY |

All plans are continuous until cancelled. A $25-149 deductible applies per claim. Price comparisons based on smartphone protection for the following providers: SquareTrade Smartphone Protection Plan, Sprint Total Equipment Protection Plus, T-Mobile Premium Device Protection Plus, Verizon Total Mobile Protection, AT&T Mobile Protection Pack. Prices and terms are as of 08/01/2018 and may change. SquareTrade plans do not cover loss or theft. Refer to SquareTrade's Terms & Conditions.

(Compl., Doc. No. 1, ¶ 15.) The fine print in both advertisements states:

> All plans are continuous until cancelled. A $25-149 deductible applies per claim. Price comparisons based on smart phone protection for the following providers: SquareTrade Smartphone Protection Plan, Sprint Total Equipment Protection Plus, T-Mobile Premium Device Protection Plus, Verizon Total Mobile Protection, AT&T Mobile Protection Pack. Prices and terms are as of 08/01/2018 and may change. SquareTrade plans do not cover loss or theft. Refer to SquareTrade's Terms & Conditions.

Asurion complains that the side-by-side comparison in the advertisements falsely and misleadingly implies that SquareTrade offers coverage equivalent to the Carrier Protection Plans for a lower price. (Compl., Doc. No. 1 ¶ 6.) Asurion further argues that using the name of its affiliate, Allstate, in the online advertisement misleadingly implies SquareTrade offers insurance (i.e. theft and loss protection). Asurion brings claims for false advertising under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a) and for violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code. Ann. § 47-18-101 *et seq*. (Compl., Doc. No. 1 ¶ 8.) SquareTrade moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

3

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

## III. ANALYSIS

### A. Judicial Notice of Matters Outside the Pleadings

SquareTrade filed a Request (docketed as a motion) for the Court to take judicial notice of online advertisements from T-Mobile, Schwab, and Wells Fargo. (Doc. No. 32.) Federal Rule of Civil Procedure 12(d) requires the Court to convert a motion to dismiss to a Rule 56 motion for summary judgment if matters outside the pleadings are considered and requires all parties be given an opportunity to present material pertinent to the converted motion. Fed. R. Civ. P. 12(d). Accordingly, Defendant's request for the Court to take judicial notice of certain websites not

4

referenced in the Complaint is DENIED, with leave to refile in support of a motion for which matters outside the pleadings may be considered.

**B. False Advertising**

The Lanham Act prohibits the dissemination of advertising that is literally false as well as advertising which is true, but nevertheless, is likely to mislead and confuse consumers. *Wysong Corp. v. APN, Inc*., 889 F.3d 267, 270-71 (6th Cir. 2018). Section 43 of the Lanham Act provides for civil liability if a person:

> Uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which – in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities …

15 U.S.C. § 1125(a)(1)(B). To state a false advertising claim under the Lanham Act, Asurion must allege:

> (1) the Defendant has made false or misleading statements of fact concerning his product or another's; (2) the statement actually deceives or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence a deceived consumers' purchasing decisions; (4) the advertisements were introduced into interstate commerce; (5) there is some causal link between the challenged statements and harm to the plaintiff.

*Balance Dynamics Corp. v. Schmitt Indus., Inc*., 204 F.3d 683, 689 (6th Cir. 2000) (citations omitted).

SquareTrade takes issue only with elements one and two – arguing the advertisements are not misleading to reasonable consumers and that Asurion failed to plead facts showing consumers were actually deceived. (Def. Br., Doc. No. 31 at 10-14.)

In determining whether a reasonable consumer would have been misled by a particular

5

advertisement, context is crucial. *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (per curiam). "Under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Id*. A disclaimer is effective if it renders an otherwise false statement true, so that consumers are not misled. *See Tambrands, Inc. v. Warner-Lambert Co.*, 673 F. Supp. 1190, 1195 (S.D.N.Y. 1987). To be effective, a disclaimer must actually be read by the consumer. Consequently, a disclaimer that is unlikely to be read because of its print size or location will not remedy a misleading claim. *See SmithKine Beecham Consumer Heathcare, L.P. v. Johnson & Johnson*, 906 F. Supp. 178, 182 (S.D.N.Y. 1995) (quoting *American Home Prods. Corp. v. Johnson & Johnson*, 436 F. Supp. 785, 792-95 (S.D.N.Y. 1977))

Asurion does not allege that SquareTrade's advertising was literally false, only that it was misleading. At the motion to dismiss stage, Asurion need only plead facts that support a "plausible inference that the challenged advertisements in fact misled a significant number of reasonable customers."[1] *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 271 (6th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also*, *Federal Exp. Corp. v. United Parcel Service, Inc.*, 765 F. Supp. 2d 1011, 1022 (W.D. Tenn. 2010) (plaintiff is "not required to set for evidence of actual consumer confusion at the pleading stage"). The Court should use "judicial experience and common sense" as a guide. *Wysong*, 889 F.3d at 271.

The crux of Asurion's complaint is that SquareTrade's advertising is misleading because it implies a false equivalency between the SquareTrade Protection Plain and the Carrier Protection

---

[1] At the proof stage, elements necessary to justify a remedy for a breach of the Lanham Act vary depending on the relief sought. In *Balance Dynamics*, the Sixth Circuit noted the importance of distinguishing the elements necessary to prove a breach of the Lanham Act from the elements necessary to justify a certain remedy for that breach. *Balance Dynamics Corp. v. Schmitt Indus., Inc,* 204 F.3d 683, 689 (6th Cir. 2000). While actual consumer confusion is required for compensatory monetary damages, it is not a prerequisite for damage control costs or injunctive relief. *Id*. at 690-91.

6

Plans. (*See* Compl., Doc. No. 1 ¶ 6.) Specifically, Asurion alleges the two SquareTrade advertisements are misleading to the average consumer because they imply: (1) SquareTrade offers insurance (when in fact it offers a more limited Extended Warranty); and (2) SquareTrade's Protection Plan is equivalent to the Carrier Protection Plans that include Asurion Mobile Insurance (when in fact it provides less coverage and fewer services). (*Id.*)

Asurion complains that the extended warranty mailer "falsely suggests" that SquareTrade "offers insurance coverage by co-branding the advertisement with Allstate (an insurance company) and stating 'Stop overpaying for phone insurance through your wireless carrier' and 'By switching to SquareTrade your family could save hundreds vs. carrier insurance.'" (*Id.* ¶ 16.) Asurion argues that because an insurance plan provides loss and theft coverage, by implying it offers insurance, SquareTrade is misleading consumers into thinking the SquareTrade Protection Plan provides theft and loss coverage. (Comp., Doc. No. 1 ¶ 3.) In addition, Asurion asserts that the side-by-side comparison of the monthly cost of SquareTrade's plan with competitor plans falsely suggests that SquareTrade's $8.99-per-month Protection Plan provides equivalent protection to the listed Carrier Protection Plans. Asurion argues that the logical conclusion implied by the statements is that a consumer could replace one of the Carrier Protection Plans with SquareTrade's plan without any change in coverage.

SquareTrade argues that the presence of the fine print disclaimer clarifies the information in the advertisement. (Def. Br., Doc. No. 31 at 3.) The disclaimer states "SquareTrade does not cover theft or loss," identifies the specific plans to which SquareTrade is drawing a comparison, and directs customers to SquareTrade's terms and conditions. (*Id.*) SquareTrade further argues that any reasonable consumer "would know that each plan offered by a *different* company at a

7

*different* price likely has some *differences* in the services offered." (*Id*. at 12 (emphasis in original).)

The Court finds the facts alleged in the Complaint support a plausible inference that the advertisements "tend to deceive a substantial portion of the intended audience." Asurion is not require to prove that customers were *actually* deceived at this stage in the litigation – a plausible inference that the advertisements tend to deceive is all that is required to survive a motion to dismiss. *Wysong*, 889 F.3d at 271. Here, the side-by-side comparison suggests that the plans are, if not identical, at least comparable. The fine print disclaimer does not conclusively remedy the potentially misleading nature of the advertisement as a whole. Other than the notice that the SquareTrade plan does not cover loss or theft, the fine print does nothing to dispel any misleading comparisons between SquareTrade and the Carrier Protections Plans with which it is compared.

SquareTrade's reliance on *Wysong Corp. v. APN, Inc.* is misplaced. In *Wysong*, the court held the facts did not support a plausible inference that the defendant's packaging caused a significant number of reasonable consumers to believe their pet food was made from premium cuts of meat. *Wysong*, 889 F.3d at 271. The court found that consumers were unlikely to expect the inexpensive dog food was made from the same ingredients as the more expensive "people food" and that the packaging itself listed the ingredients in the dog food. In comparison, SquareTrade's Protection Plan is not so obviously different from the Carrier Protection plans that consumers would instinctively know they were not the same product. It is lacking the obvious dog-food / people-food distinction found in *Wysong*. Moreover, in *Wysong*, all of the information needed to dispel the notion that the dog food was made from prime cuts of meat was in the ingredients list on the bag that also had a photo of the nice meat. *Id*. at 271-72. Here, a consumer who reads the

8

fine print would know that SquareTrade does not provide coverage for theft or loss, but that information does nothing to eliminate the perception that the plans listed have comparable coverage.

The Court finds Asurion has stated a plausible claim for false advertising. Accordingly, the motion to dismiss the false advertising claim is DENIED.

## C. Tennessee Consumer Protection Act

Asurion claims that the advertisements are unfair and deceptive and constitute violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-104(b). SquareTrade argues Asurion does not have standing to bring false advertising claims under the TCPA.

The TCPA provides that "[a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages." Tenn. Code Ann. § 47-18-109(a)(1). The Tennessee Supreme Court has recognized that a deceptive act or practice includes a material representation, practice, or omission likely to mislead a reasonable consumer. *See Ganzevoort v. Russell*, 949 S.W.2d 293, 299 (Tenn. 1997).

To state a claim under the Tennessee Consumer Protection Act ("TCPA"), the plaintiff must allege that the defendant engaged in an unfair or deceptive act or practice enumerated in section 47-18-104(b). TENN. CODE ANN. § 47–18–109(a)(1). The TCPA lists 51 specific acts or practices that are unlawful. § 47-18-104(b). Among these are: Representing that goods or services are of a particular standard, quality or grade; and disparaging the goods, services or business of

9

another by false or misleading representations of fact (§47-18-104(b)(7-8)).

"Whether a specific representation is 'unfair' or 'deceptive' is a question of fact." *Cloud Nine, LLC v. Whaley*, 650 F. Supp. 2d 789, 798 (E.D. Tenn. 2009) (citing *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005)). For purposes of the TCPA, "the essence of deception is misleading consumers by a merchant's statements, silence, or actions." *Id*. The prima facie elements of a TCPA claim do not require that the deceptive act be directed toward the plaintiff. *Id*. Instead, "plaintiffs asserting claims under the TCPA are required to show that the defendant's wrongful conduct proximately caused their injury." *Id*. (citing *Steamfitters Local Union No. 614 Health and Welfare Fund v. Philip Morris, Inc*., No. W1999-01061-COA-R9-CV, 2000 WL 1390171, at *7 (Tenn. Ct. App. Sept. 26, 2000).

SquareTrade raises the issue of whether a competitor has standing to bring a claim under the TCPA. The Court finds that it does. As stated expressly in the TCPA, a claim may be brought by any person, including corporations, who "suffers an ascertainable loss" proximately caused by unfair or deceptive actions declared unlawful by the TCPA. *See* Tenn. Code Ann. § 47-18-109(a)(1); *see also*, *Act for Health v. Case Mgmt. Assocs., Inc*., 128 F. Supp. 3d 1020, 1036 (E.D. Tenn. 2014) (allowing TCPA claim brought by competitor to proceed to trial); *RyMed Tech., Inc. v ICU Medical Inc*., No. 3:10-01067, 2012 WL 4505896, *2 (M.D. Tenn., Sept. 28, 2012) ("Although the TCPA's focus is on protecting consumers, the fact that [plaintiff] is a competitor of [defendant], and not one of its customers, is not an automatic bar to a TCPA claim.")

SquareTrade cites two cases in support of its argument that Asurion does not have standing to bring TCPA claims – *PHG Tech., LLC v. St. John Companies, Inc*., 459 F. Supp. 2d 640, 645-6 (M.D. Tenn. 2006), and *RyMed Tech., Inc. v ICU Medical Inc*., No. 3:10-01067, 2012 WL

10

4505896 (M.D. Tenn., Sept. 28, 2012). In *PHG Tech*, the allegedly misleading statements were regarding the defendant's own product and were not alleged to disparage the product of the plaintiff. 459 F. Supp. 2d at 645-6. In *RyMed*, the allegedly misleading statements were about the effect of litigation upon RyMed's customers and were not alleged to have cause any harm to RyMed itself. Moreover, the court in *RyMed* recognized that claims, such as those brought by Asurion, for disparagement of products or services, were a "deceptive act" under the TCPA and could be brought by a competitor. *RyMed*, No. 3:10-01067, 2012 WL 4505896 *2.

The Court finds that Asurion has stated a plausible claim that the alleged misleading advertisement disparages its product by drawing a direct comparison with a less inclusive offering by SquareTrade and that Asurion has standing to bring this claim. Accordingly, the motion to dismiss the TCPA claim is DENIED.

## IV. CONCLUSION

For the reasons stated, Defendant SquareTrade's Motion to Dismiss is **DENIED** and the Request to Take Judicial Notice is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE